UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CASSANDRA SELLARDS-RECK,

                Petitioner,

    v.

DAVID SHOOK, et al.,

               Respondents.

Case No. C23-5516-MJP-SKV

ORDER GRANTING MOTION FOR RELIEF FROM DEADLINE

       This is a federal habeas action filed under 28 U.S.C. § 2254 and/or 25 U.S.C. § 1303. Before the Court is Respondents Steve Barnett, Christine Pomeroy, and Jon Pound's motion for relief from the deadline to answer Petitioner Cassandra Sellards-Reck's petition for writ of habeas corpus.[1]  Dkt. 14.  Petitioner opposes the motion.  Dkt. 17.  The Court has considered the parties' submissions, the relevant portions of the record, and the applicable law.  Being fully advised, the Court GRANTS Respondents' motion.

       Petitioner commenced this action on June 7, 2023, by filing a petition for writ of habeas corpus naming Mr. Shook, Ms. Pomeroy, Mr. Pound, and Mr. Barnett as Respondents.  Dkt. 1. On June 15, 2023, the Court directed service of the petition on Respondents, ordering them to

---

[1] Respondent David Shook "does not object to the extension of time and would welcome the additional time to obtain the necessary materials as well." Dkt. 19 at 1–2.

ORDER GRANTING MOTION FOR RELIEF
FROM DEADLINE - 1

file and serve an answer by August 4, 2023.  Dkt. 10.  On July 20, 2023, counsel for Respondents Barnett, Pomeroy, and Pound appeared in this matter, Dkts. 12 & 13, and filed the instant motion requesting to extend the answer deadline to September 8, 2023, *see* Dkt. 14.

The Court may grant relief from a deadline for good cause shown.  *See* Fed. R. Civ. P. 6(b).  This is Respondents' first request for relief from a deadline in this matter and they argue that the extension is necessary to allow their counsel, who was only recently retained, to get up to speed on the complete record of the underlying criminal case and to gather information that is pertinent in the tribal habeas context.  Dkt. 14 at 4.  Respondents further contend that because Petitioner is not currently incarcerated, she faces "no concrete prejudice from the requested extension."  *Id.*  Petitioner argues the Court should deny the extension because the habeas statute contemplates the writ being returned "within three days, unless for good cause, additional time, not exceeding twenty days, is allowed." Dkt. 17 at 2 (citing 28 U.S.C. § 2243).  Per Petitioner, the Court already gave Respondents "45 days to respond, far more than allowed by the rules . . . ."  *Id.*  Finally, Petitioner contends that Respondents should have hired counsel immediately, and the fact that they did not do so should not prolong Petitioner's detention.  *Id.*

The Court possesses inherent power to grant a respondent additional time to file an answer in a habeas corpus proceeding.  *See Clutchette v. Rushen*, 770 F.2d 1469, 1474–75 (9th Cir. 1985); *Wallace v. Heinze*, 351 F.2d 39, 40 (9th Cir. 1965).  Given the nature of this case and the record before the Court, the 35-day extension Respondents request is reasonable and unlikely to unduly burden Petitioner, who is no longer incarcerated, *see* Dkt. 15 ¶ 8.  Accordingly, the Court finds that good cause exists for Respondents' requested extension and GRANTS their

ORDER GRANTING MOTION FOR RELIEF
FROM DEADLINE - 2

motion, Dkt. 14.  Respondents shall respond to Petitioner's petition on or before September 8, 2023.[2]

The Clerk is directed to send copies of this order to the parties and to the Honorable Marsha J. Pechman.

Dated this 2nd day of August, 2023.

S. KATE VAUGHAN
United States Magistrate Judge

---

[2] In opposing Respondents' motion, Petitioner seeks relief pertaining to service and discovery. Dkt. 17 at 2–4.  Because Petitioner does not do so by formal motion, Petitioner's requests are not properly before this Court, and the Court does not address them herein.  *See Colchester v. Lazaro*, No. C20-1571-JCC, 2021 WL 2915411, at *1 n.1 (W.D. Wash. July 12, 2021) (denying a party's request for attorney fees raised in opposition to a different motion).

ORDER GRANTING MOTION FOR RELIEF
FROM DEADLINE - 3